UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

NELIN KEHOE,

               Plaintiff,            **MEMORANDUM & ORDER**
                                         25-CV-6172 (EK)(VMS)
          -against-

TAMRA WALKER, Queens Family Court
Judge et al.,

               Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

      Plaintiff Nelin Kehoe brings this action alleging violations of her constitutional rights under Rev. Stat. § 1979, 42 U.S.C. § 1983, violations of Sections 241, 242, 2261, and 2265 of the federal criminal code, and violations of the New York Family Court Act.  She names as defendants Queens County Family Court Judge Tamra Walker, Administrative Judge Anne-Marie Jolly, court attorney Regine Riggins, and Family Court Clerk Keisha Kearse.  Plaintiff moves to proceed *in forma pauperis*. That motion is granted, but the complaint is dismissed with prejudice.  Plaintiff's motion for the appointment of counsel, ECF No. 8, is also denied.

## I.    Background

The following factual allegations are drawn from the complaint and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

Plaintiff's sister "committed crimes including stalking [and] harassment" by "travel[ing] from New York to Nevada and plac[ing] an illegal tracking device in plaintiff's car."  Compl. ¶ 14, ECF No. 1.  Plaintiff, a Nevada resident, "sought an order of protection against her sister, but before receiving one, [p]laintiff was served with a protective order initiated by her sister."  *Id.* ¶¶ 9, 16.  Plaintiff alleges that her "sister filed three identical petitions for an order of protection in Queens Family Court; [and] the first two were rejected."  *Id.* ¶ 17.

However, during a proceeding on June 11, 2024, Judge Walker "accepted the third filing despite inconsistencies, errors in witness statements, and improper dates."  *Id.* ¶¶ 18-19.  Plaintiff alleges that she was "not given proper notice" of this hearing "or an opportunity to present evidence."  *Id.* ¶ 19. She also "requested court documents and transcripts repeatedly but was denied access."  *Id.* ¶ 21.  Plaintiff seeks monetary damages and declaratory and injunctive relief.  *Id.* 6-7.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  District courts will dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

### A.   Criminal Claims

"[I]t is axiomatic that a private citizen cannot bring a criminal complaint."  *Brown v. Seniuk*, No. 01-CV-1248, 2002 WL 32096576, at *1 (E.D.N.Y. Mar. 25, 2002) (collecting cases); *see also Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (private

3

plaintiff cannot seek an arrest warrant).  Accordingly, plaintiffs' claims under 18 U.S.C. §§ 241, 242, 2261, and 2265 are dismissed.

**B.   Section 1983 Claim**

Plaintiff's Section 1983 claims against Judge Walker and Judge Jolly are barred by judicial immunity.  "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).  That immunity is only "overcome" when a judge is being sued for "actions not taken in the judge's judicial capacity" or for "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Plaintiff does not allege any non-judicial acts here.  And even assuming Judge Walker "did not possess proper personal jurisdiction over" plaintiff, "the judge did not act in the clear absence of *all* jurisdiction." *Ceparano v. Southampton Just. Ct.*, 404 F. App'x 537, 539 (2d Cir. 2011); *see also* Compl. ¶ 23 (alleging only that Judge Walker lacked personal jurisdiction over plaintiff).

Plaintiff seeks declaratory and injunctive relief in addition to damages, but that relief is also barred.  Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. So, where — as here — plaintiff does not allege that "a state-court declaratory decree was violated" and she is able to "appeal [the] Family Court Judge's decision in the state appellate court," no relief is available under Section 1983. *Yi Sun v. Saslovsky*, No. 19-CV-10858, 2020 WL 6828666, at *4 n.4 (S.D.N.Y. Aug. 6, 2020).

Court attorney Regine Riggins and Family Court Clerk Keisha Kearse also have absolute immunity, so plaintiff's Section 1983 claims against them must be dismissed. Plaintiff alleges that Riggins was an "[a]ttorney representing the judge," Compl. ¶ 11, and "for purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988). Meanwhile, court clerks are entitled to absolute immunity "for performance of tasks which are judicial in nature and an integral part of the judicial process," *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997), or "undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court." *Raghubir v. Cogan*, No. 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022). Here, plaintiff alleges that the Clerk "didn't provide any forms" and "didn't inform [plaintiff of] the court dates [by] mail." Compl. ¶ 13. Providing parties with forms and informing them of court dates are actions that

would typically be undertaken either at the explicit direction of a judicial officer or in accordance with court practices.

**C.    New York Family Court Act Claims**

Having dismissed plaintiff's federal claims, we decline to exercise supplemental jurisdiction over her state-law claims. 28 U.S.C. § 1367(c)(3); *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025).

### IV.  Conclusion

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is granted, but her federal claims are dismissed with prejudice.  *See McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (dismissal of a *pro se* complaint without leave to amend is appropriate "where the complaint gives no indication that a valid claim might be stated").  Plaintiff's New York Family Court Act claims are denied without prejudice to refiling in an appropriate state court.  Plaintiff's application for the appointment of *pro bono* counsel is also denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to mail a copy of

this order to plaintiff, note the mailing on the docket, and

close this case.


SO ORDERED.




_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    April 2, 2026
          Brooklyn, New York